1

2

3

4

5

6          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
7

8   EVELIGA FERETI,                          NO.  C16-5888-JLR-JPD

9                      Plaintiff,

10          v.
                                            REPORT AND
11   NANCY A. BERRYHILL, Acting              RECOMMENDATION
     Commissioner of Social Security,
12
                       Defendant.
13

14          Plaintiff Eveliga Fereti appeals the final decision of the Commissioner of the Social

15   Security Administration ("Commissioner") that denied her applications for Disability

16   Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI

17   of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an

18   administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that

19   the Commissioner's decision be REVERSED and REMANDED for further administrative

20   proceedings.

21                      I.      FACTS AND PROCEDURAL HISTORY

22          Plaintiff is a 41-year-old woman with a 10th-grade education and training as a

23   caregiver.  Administrative Record ("AR") at 40, 43, 229.  Her past work experience includes

24   employment as an in-home caretaker, administrative receptionist, customer service

representative, and warehouse assembler.  AR at 237, 260.  Plaintiff was last gainfully

employed in January 2013.  AR at 229.

On July 26, 2013, Plaintiff protectively filed claims for SSI and DIB, alleging an onset

date of January 15, 2013.[1]  AR at 60-61, 201-03, 205-10.  Plaintiff asserts that she is disabled

due to a brain tumor, migraine headaches, blurred vision, a heart condition, diabetes, foot

neuropathy, a thyroid condition, and high blood pressure.  AR at 228.

The Commissioner denied Plaintiff's applications initially and on reconsideration.  AR

at 113-26, 128-41.  Plaintiff requested a hearing, which took place on December 12, 2014.  AR

at 36-59.  On February 27, 2015, the ALJ issued a decision finding Plaintiff not disabled and

denied benefits based on her finding that Plaintiff could perform a specific job existing in

significant numbers in the national economy.  AR at 19-30.  After reviewing additional

evidence, the Appeals Council denied Plaintiff's request for review.  AR at 1-7.  On October

19, 2016, Plaintiff timely filed the present action challenging the Commissioner's decision.

Dkt. 1, 7.

## II.  JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§

405(g) and 1383(c)(3).

## III.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

social security benefits when the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th

Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is

---

[1] At the administrative hearing, Plaintiff amended her alleged onset date to February 1, 2013.  AR at 41.

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

## IV.    EVALUATING DISABILITY

As the claimant, Ms. Fereti bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at

any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b).[2]  If she is, disability benefits are denied.  If she is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities.  If the claimant does not have such impairments, she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On February 27, 2015, the ALJ found:

1. The claimant meets the insured status requirements of the Act through September 30, 2017.

2. The claimant has not engaged in substantial gainful activity since February 1, 2013, the amended alleged onset date.

3. The claimant's non-ischemic cardiomyopathy status post defibrillator implant, migraine headaches, obesity, diabetes mellitus, polyneuropathies, pituitary macro adenoma, and major depressive disorder are severe impairments.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. The claimant has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b). She is able to perform work that does not require climbing ladders, ropes, or scaffolds. She is able to occasionally climb ramps and stairs. She is able to perform simple routine tasks. She is able to perform work that does not require public contact. She is able to perform work that allows her to avoid concentrated exposure to extreme hot, extreme cold, hazards, and vibrations.

6. The claimant is unable to perform any past relevant work.

7. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform.

8. The claimant has not been under a disability, as defined in the Act, from February 1, 2013, through the date of the decision.

AR at 21-29.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1.     Whether this case should be remanded in light of evidence submitted for the first time to the Appeals Council;

2.     Whether the ALJ erred at step two in excluding certain impairments;

3.     Whether the ALJ erred in discounting Plaintiff's subjective testimony; and

4.     Whether the ALJ erred in assessing medical opinions.[3]

Dkt. 20 at 1.

## VII.     DISCUSSION

A.     <u>The Appeals Council evidence warrants remand.</u>

The ALJ's decision contains multiple references to the fact that Plaintiff claimed to have disabling depression, yet had not followed up on referrals to a psychiatrist and did not present to providers in distress.  AR at 26-28.  The ALJ relied on this interpretation of the record to both discount Plaintiff's subjective testimony and discount medical opinions.  AR at 27-28.

Plaintiff submitted evidence to the Appeals Council that she did, in fact, follow up on a referral to a psychiatrist, and that psychiatrist's mental status examination findings describe many deficits, such as psychomotor slowing, severely latent speech, and severely impaired attention and concentration.  *See* AR at 1132-32.  The Appeals Council evidence also includes reference to a new diagnosis of fibromyalgia.  *See* AR at 1123, 1126.  The Appeals Council considered this evidence, incorporated it into the record, but found that it did not provide a basis for changing the ALJ's decision.  AR at 2.

The Court disagrees with the Appeals Council's interpretation.  The newly submitted evidence pertains to the period adjudicated by the ALJ, and bears "directly and substantially on

---

[3] Plaintiff also lists a challenge to the ALJ's RFC assessment among her assignments of error, but in doing so only reiterates arguments made elsewhere.  Dkt. 20 at 1, 24-25.  This argument need not be addressed separately.

the matter in dispute." *Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010). Because the ALJ's interpretation of the medical record and Plaintiff's testimony was explicitly based on her purported failure to seek psychiatric care as well as her normal presentation upon examination, the new evidence, which contradicts the ALJ's interpretation, gives rise to a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing. *See Borrelli v. Comm'r of Social Sec. Admin.*, 570 Fed. Appx. 651, 652 (9th Cir. Apr. 17, 2014) (citing *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir. 1984)).

Plaintiff raised this issue in her opening brief, and the Commissioner did not directly address the Appeals Council evidence in her responsive brief or explain why it would not give rise to a reasonable possibility that the new evidence might change the outcome of the administrative hearing. The Court recommends that this case be remanded for further proceedings, to permit the ALJ to assess the updated record and reconsider Plaintiff's testimony and the medical evidence accordingly. As such, the Court need not further address Plaintiff's challenges to the ALJ's assessment of Plaintiff's testimony or the medical opinions, as those findings should be revisited upon remand.

B.    The ALJ Should Reconsider the Step-Two Findings.

Plaintiff alleged that the ALJ erred in failing to include blurred vision, hypothyroidism, and adrenal insufficiency as severe impairments at step two. *See* Dkt. 20 at 8-13. Plaintiff also argued that the new fibromyalgia diagnosis referenced in the Appeals Council evidence warranted remand. Dkt. 20 at 6-7.

The Commissioner did not address Plaintiff's argument regarding blurred vision, hypothyroidism, and adrenal insufficiency, and argued that excluding fibromyalgia at step two did not result in prejudice to Plaintiff. Dkt. 21 at 9-10. Because this case should be remanded

for further proceedings as explained *supra*, the ALJ on remand shall reconsider all evidence related to Plaintiff's impairments and modify the step-two findings as necessary.

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **May 10, 2017**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 12, 2017**.

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 26th day of April, 2017.

*James P. Donohue*

_____

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 8